UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KARMAN MUSA,

        Plaintiff,

        v.                              CAUSE NO.: 3:19-CV-593 DRL-MGG

K. SOMMERS, *et al.*,

        Defendants.

## OPINION AND ORDER

Mr. Karman Musa, a prisoner without a lawyer, filed a complaint regarding an incident at the Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Musa alleges that, on the morning of March 6, 2019, Caseworker Lori Pusz directed racially inappropriate remarks at him during headcount. In response, he approached Caseworker Pusz and began arguing with her, but Officer Sommers intervened and instructed Mr. Musa to go to the dayroom. When Caseworker Pusz told him to sit down in the dayroom, Mr. Musa claims he refused, prompting Caseworker Pusz to make additional racially and sexually inappropriate remarks. When Mr. Musa asked her to stop and requested a superior (captain), Officer Sommers

stepped in and pushed Mr. Musa multiple times. As a result of the pushing, Mr. Musa alleges he suffered chest pain and a partially dislocated shoulder. He seeks money damages.

Mr. Musa asserts an Eighth Amendment claim against Caseworker Pusz for making racially and sexually inappropriate remarks. The Eighth Amendment prohibits "the unnecessary and wanton infliction of pain," which also includes psychological pain. *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Consequently, a prisoner may assert an Eighth Amendment claim if he is subjected to conduct that is "intended to humiliate and inflict psychological pain." *Id.* The complaint suggests that the manner in which Caseworker Pusz spoke with Mr. Musa was intended to humiliate him. Therefore, at this stage, Mr. Musa may proceed on an Eighth Amendment claim against Caseworker Pusz.

Mr. Musa asserts an Eighth Amendment claim of excessive force against Officer Sommers for pushing him in the dayroom. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline," but "maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* While Officer Sommers' use of force may have been a good faith effort to maintain discipline, the complaint states a plausible Eighth Amendment claim of excessive force against her.

Mr. Musa also claims that Officer Sommers and Caseworker Pusz violated his First Amendment rights by refusing his requests to speak to a captain. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Kaufman v. McCaughtry*, 419 F.3d 678, 682 (7th Cir. 2005). "A prisoner has a First Amendment right to make

grievances about conditions of confinement." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). "Still, under the legitimate penological interests test, the prisoner must exercise that right in a manner consistent with his status as a prisoner." *Id.* (emphasis and quotations omitted). The First Amendment does not entitle prisoners to immediate in-person meetings with high-ranking correctional officers under the circumstances alleged in full here; and, while the defendants may have refused Mr. Musa's requests that morning, there is nothing to suggest they otherwise prevented him from conveying his concerns to superior officers. Mr. Musa cannot then proceed on this claim.

For these reasons, the court:

(1) GRANTS Mr. Karman Musa leave to proceed on his Eighth Amendment claim against Defendant Lori Pusz for money damages for directing racially and sexually inappropriate remarks at him on March 6, 2019;

(2) GRANTS Mr. Karman Musa leave to proceed on an Eighth Amendment claim against Officer K. Sommers for money damages for allegedly using excessive force against him on March 6, 2019;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Defendants K. Sommers and Lori Pusz at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants K. Sommers and Lori Pusz to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Mr. Karman Musa has been granted leave to proceed in this screening order.

SO ORDERED.

August 8, 2019                             *s/ Damon R. Leichty*
                                                    Judge, United States District Court